### HESS–MOTT CO. v. BROWN.

#### (Supreme Court, Appellate Term.   June 22, 1903.)

1. INSURANCE—ADVANCING PREMIUMS—SECONDARY EVIDENCE.

   Where, in an action by an insurance agent to recover premiums advanced on insurance policies, defendant was served with due notice to produce the policies, it was competent, on his failure so to do, for the agent of plaintiff, who testified to having delivered the policies, to state their contents.

Appeal from City Court of New York.

Action by the Hess-Mott Company against William L. Brown. From a judgment for plaintiff and an order denying a new trial, defendant appeals.   Affirmed.

Plaintiff, an insurance agent, brings this action to recover the premiums alleged to have been advanced by it for defendant on two policies of accident and health insurance.   A notice was duly served on defendant to produce the policies at the trial, and on his failure to do so, one of plaintiff's officers, who testified to having delivered the policies to defendant, was permitted to state their contents.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Ferguson & Sinnott, for appellant.
Henry B. Wesselman, for respondent.

PER CURIAM.   The one exception taken during the trial, and which is pressed, is not tenable.   Inasmuch as the defendant's counsel did not produce upon due notice the instruments testified as having been delivered him, secondary evidence in the form and of the sort given by the plaintiff's witness was competent.   The remaining point —that the verdict was against the weight of the evidence—is not sup-

¶ 1. See Evidence, vol. 20, Cent. Dig. § 596.

ported by sufficient considerations, and the appeal raised thereon will be overruled, and the judgment affirmed, upon the memorandum made by the learned justice upon the motion to set aside the verdict and grant a new trial.

Judgment affirmed, with costs to the respondent.